IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## RONNIE BRADFIELD v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6254     Joe H. Walker, III, Judge**

---

**No. W2008-02231-CCA-R3-HC  - Filed June 10, 2009**

---

The petitioner, Ronnie Bradfield, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Because the petitioner has failed to establish that his conviction is void or his sentence illegal, we conclude that the State's motion is well-taken.  Accordingly, we affirm the lower court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Ronnie Bradfield, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In March 1993, the petitioner was convicted of three counts of attempted second degree murder, Class B felonies, stemming from his shooting at police officers when the officers went to investigate allegations that the petitioner had made threatening calls to the director of the police and the mayor.  See State v. Ronnie Bradfield, No. 02C01-9306-CR-00112, 1995 WL 422787, at *1 (Tenn. Crim. App. July 19, 1995), perm. to appeal denied (Tenn. Sept. 3, 1996).  Apparently, as he was being searched in the detention area upon his conviction, the petitioner retrieved a pistol that had been tucked in his shoe and threatened to shoot the deputy.  The petitioner was subdued after a scuffle and, as a result of his actions, was convicted in September 1995 of, among other things, attempted first degree murder, a Class A felony.  See State v. Bradfield, 973 S.W.2d 937, 941 (Tenn. Crim. App. 1997).

In August 2008, the petitioner filed a petition for habeas corpus relief in the Lauderdale County Circuit Court, arguing that he was illegally sentenced to 9 years instead of 7.2 years as an especially mitigated offender for each of his three attempted second degree murder convictions in 1993. He also argued that he was illegally sentenced to sixty years as a persistent offender for the attempted first degree murder conviction in 1995. He asserted that his sentences violated his constitutional rights as elucidated in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007), because they were enhanced based on judicially-determined facts. He also asserted that his sentences were contrary to the Sentencing Act and, therefore, pursuant to McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), must be vacated because the trial court had no jurisdiction to sentence him in contravention of the sentencing statute. The habeas court summarily dismissed the petitioner's petition, finding that the petitioner had failed to demonstrate that his convictions or sentences were void. The petitioner appealed.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner argues that his 1993 and 1995 sentences are illegal because the trial court enhanced his sentences based on judicially-determined facts, which is contrary to the U.S. Constitution as interpreted in Apprendi, Blakely, and Cunningham. These cases require that any fact, other than that of a prior conviction, used to enhance a defendant's sentence be proven to a jury beyond a reasonable doubt. The petitioner cites State v. Christine H. Osborne, No. M2006-01301-CCA-R3-CD, 2008 WL 1822443 (Tenn. Crim. App. Apr. 23, 2008), perm. to appeal denied (Tenn. Sept. 29, 2008), for the proposition that he is entitled to resentencing because "this court does 'now' in fact adhere to the U.S. Supreme Court's decisions."

The petitioner's reliance on Osborne is misplaced as the defendant in Osborne was sentenced after Apprendi and Blakely, whereas the petitioner's cases became final well before either Apprendi or Blakely was decided. "Apprendi/Blakely type issues regarding allocating fact-finding authority to judges during sentencing are not in the narrow class of procedural rules that apply retroactively." Ulysses Richardson v. State, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162, at *2 (Tenn. Crim. App. May 24, 2007), perm. to appeal denied (Tenn. Sept. 17, 2007). Moreover, even a valid Blakely claim renders a conviction voidable, not void, and is thus non-cognizable in habeas corpus review. Richardson, 2007 WL 1515162, at *3.

The petitioner also argues, as we understand, that his sentences violate the Sentencing Act because (1) in 1993 he should have been sentenced as an especially mitigated offender, and (2) in 1995 he did not meet the qualifications for sentencing as a persistent offender. He cites McConnell, 12 S.W.3d at 795, for the proposition that the trial court has no authority to act contrary to the Sentencing Act. With regard to his 1993 sentences, the petitioner's contention appears to be that he should have been sentenced as an especially mitigated offender because he did not have any prior convictions. The absence of a prior criminal history *may* make a defendant eligible for sentencing as an especially mitigated offender if the trial court finds, in addition to the lack of prior felony convictions, that mitigating, but no enhancement, factors are applicable. Tenn. Code Ann. § 40-35-109. However, the record does not indicate what mitigating factors, if any, were applicable in the petitioner's case. Therefore, even if the petitioner's allegation that he was qualified for especially mitigated offender status were true, proof of such status would require extrinsic evidence rendering his judgments of conviction potentially voidable rather than void. See Summers, 212 S.W.3d at 256. Moreover, it is apparent that the trial court found at least one enhancement factor given the petitioner received nine-year sentences instead of the minimum in Range I of eight years, thus negating his eligibility for sentencing as an especially mitigated offender.

The petitioner's argument that he was sentenced contrary to the Sentencing Act on his 1995 conviction because he did not have the requisite number of prior convictions to be considered a persistent offender overlooks that there are two alternative subsections that define a persistent offender. Tennessee Code Annotated section 40-35-107(a)(2) states that a defendant is a persistent offender if he or she has received "any combination of three (3) Class A or Class B felony convictions if the defendant's conviction offense is a Class A or B felony." Here, the petitioner had three prior Class B felony convictions from 1993 and his conviction offense in 1995 was a Class A felony. Thus, he qualified for sentencing as a persistent offender, and the trial court did not act outside its authority under the Sentencing Act.

Because the petitioner's habeas corpus petition does not state a cognizable claim for relief, we conclude that the trial court did not err in summarily dismissing the petition. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the

State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE